Mr. Justice ThacheR
delivered the opinion of the court.
McGee filed his petition in the probate court of Holmes county, for his distributive share of the estate of David Ford, which he claimed in the right of his wife. Subsequently, his wife filed her petition in the same court, setting forth her husband’s insolvency, and praying a decree of the distributive share to her sole and separate use. The administrators answered, that McGee was a large debtor to the estate, for property purchased at its sale; that his wife had received a portion from David Ford, during his lifetime; and that her marriage with McGee occurred before the passage of the act for the protection of married women. H. & H. 332. The court decreed McGee his distributive share of the estate, but ordered it to be credited upon the debt which he owed the estate ; and *772 disallowed the petition of the wife. The debt due by McGee to the estate, had been reduced to a judgment.
The record shows that the distributive share of McGee accrued after his marriage, and therefore it inured to him alone, and could be sued for by him, without joining his wife. Lowry v. Houston, 3 How. 394; Wade v. Grimes, 6 Ibid. 425. McGee, also, being indebted to the estate, upon judgment, a credit upon that judgment, to the amount of his distributive share, may be received as a payment to him of so much money. Should he institute his suit against the administrators for his distributive share, they could properly, in a plea of payment, set off the amount of the judgment due by him to the estate. In view of such principles, the probate court did not err in decreeing the payment of the distributive share, in the shape of a credit upon the judgment.
Judgment affirmed.